[In Bank.—June 20, 1883.]

# THE PEOPLE, RESPONDENT, *v.* WONG AH TEAK, APPELLANT.

CRIMINAL LAW—JUSTIFIABLE HOMICIDE.—A person who has sought a combat for the purpose of taking advantage of another, may afterwards endeavor to decline any further struggle, and if he really and in good faith does so before killing the person with whom he sought the combat, he may justify the killing on the same grounds as he might if he had not originally sought the combat for such purpose.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Attorney-General*, for Respondent.

*James Maguire*, for Appellant.

SHARPSTEIN, J.—The court, in charging the jury as to what would constitute justifiable homicide, said: "Homicide is justifiable when committed in necessary self-defense, but to justify a person in killing another in self-defense, it must appear that the danger was so urgent and pressing that in order to save his own life, or to prevent his receiving great bodily harm, the killing of the other is absolutely necessary, and it must appear also that the person killed was the assailant. It must appear also that the deceased person was the assailant, or that the person killing had really and in good faith endeavored to decline any further struggle before the mortal blow was given. A bare fear of the commission of any of the offenses or injuries which I have just spoken of as justifying a homicide is not sufficient to justify it, but the circumstances must be sufficient to excite the fears of a reasonable person, and the person killing must have acted under the influence of such fears alone, *without any mixture of malice, and without having sought the combat himself, for the purpose of taking an advantage of the person killed.*"

If such be the law it follows that one who had sought a combat with another for the purpose of taking an advantage of him, could never be justified in killing the person with whom he

sought such combat for such purpose, although he "really and in good faith endeavored to decline any further struggle before the mortal blow was given."

But such is not the law. A person who has sought a combat for the purpose of taking advantage of another, may afterwards endeavor to decline any further struggle, and, if he really and in good faith does so before killing the person with whom he sought such combat for such purpose, he may justify the killing on the same grounds as he might, if he had not originally sought such combat for such purpose. An instruction to the contrary would be erroneous in any case.

Judgment and order reversed and cause remanded for new trial.

THORNTON, J., ROSS, J., and McKINSTRY, J., concurred.

McKEE, J.—I dissent. Conceding that the closing portion of the last instruction to the jury be erroneous, yet I think it is error without injury ; because there was nothing in the evidence, as it appears in the record, which tended to prove that the defendant sought a combat with the deceased for the purpose of taking an advantage of him, or that the homicide was committed in a combat between the defendant and the deceased ; that portion of the instruction was therefore irrelevant to the evidence in the case. Besides, the instruction itself was qualified by the other parts of the charge of the court, in such a manner that the jury could not have been misled by the objectionable part of the instruction.

MYRICK, J., concurred in the dissenting opinion of MR. JUSTICE McKEE.